United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID WOZNIAK,

        Plaintiff,

    v.

COUNTY OF SAN MATEO, et al.,

        Defendants.

Case No.  24-cv-04023-MMC

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is defendant Victor Aenlle's ("Aenlle") "Motion for Summary Judgment," filed January 7, 2026, whereby Aenlle seeks judgment in his favor on all claims alleged against him in plaintiff's First Amended Complaint, namely, the First Cause of Action ("Violations of U.S. and Cal. Constitutions – First Amendment Right to Free Speech") and Second Cause of Action ("Violations of U.S. and Cal. Constitutions – First Amendment Right to Free Association"), both brought under 42 U.S.C. § 1983. Plaintiff has filed opposition, to which defendant has replied.  The matter came on regularly for hearing on April 17, 2026. Grant A. Winter of Mastagni Holstedt, APC appeared on behalf of plaintiff.  Karen Rosenthal of the San Mateo County Counsel's Office appeared on behalf of Aenlle.

The Court, having considered the parties' respective written submissions as well as the arguments of counsel made at the hearing, and for the reasons stated in detail on the record at the hearing, hereby finds plaintiff has failed to raise a triable issue of material fact as to Aenlle's liability under 42 U.S.C. § 1983, in that the evidence submitted is not

United States District Court
Northern District of California

sufficient to support a finding that Aenlle, either by "direct personal participation" or "setting in motion a series of acts by others," caused any of the adverse employment actions on which plaintiff's claims against him are based.  See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).[1]

Accordingly, Aenlle's Motion for Summary Judgment is hereby GRANTED.[2]

**IT IS SO ORDERED.**

Dated: April 21, 2026

MAXINE M. CHESNEY
United States District Judge

---

[1] The above explanation is in no manner intended to replicate the entirety of the Court's analysis set forth on the record at the hearing.

[2] To the extent the Court, at the hearing, raised a question as to the admissibility of the Bluewater email at trial in the absence of Aenlle's status as a defendant (see Doc. No. 93-2, Ex. 7), the Court, on further consideration of the issue, and without making a final ruling thereon, is of the view said email may well be admissible.